HARTZ, Circuit Judge,
concurring:
I write separately to explain why I believe that the challenged opinion testimony of Officer Wilson was clearly inadmissible. First, it is settled law in this circuit that a law-enforcement officer cannot provide expert testimony on whether a defendant was deceptive during an interview. Second, opinion testimony must be treated as expert testimony if it is founded on the professional training and experience of the witness, regardless of whether the witness is formally offered as an expert on the matter.
The first proposition was established in United States v. Hill, 749 F.3d 1250 (10th Cir.2014), where we stated the general rule that expert testimony about the credibility of a witness is inadmissible. As we explained, “Such testimony: (1) usurps a critical function of the jury; (2) is not helpful to the jury, which can make its own determination of credibility; and (3) when provided by impressively qualified experts on the credibility of other witnesses is prejudicial and unduly influences the jury.” Id. at 1258 (internal quotation marks omitted). In Hill an officer testified about the defendant’s credibility in an interview with police. See id. at 1263. The interrogating officer testified that he had been trained to identify “deception in statements and truths in statements,” and had conducted over a thousand interviews as an FBI agent. Id. at 1255 (internal quotation marks omitted). He was asked, “based on his training and experience,” what he thought of the defendant’s truthfulness in the interrogation, and the officer provided detailed explanations about the defendant’s behavior that made the officer think he was lying. Id. at 1256 (brackets and internal quotation marks omitted). Although defense counsel did not object at trial, we held that allowing this line of inquiry was plain error. See id. at 1263. We noted that other circuits are in accord: it is impermissible for an expert to opine on the credibility of another witness’s statements. See id. at 1260 (collecting cases).[1]
The second proposition follows from the Federal Rules of Evidence, as well as precedent. The rules do “not distinguish between expert and lay witnesses, but rather between expert and lay testimony.” Fed.R.Evid. 701 advisory committee’s notes, 2000 amendments. The provisions governing expert testimony cannot be evaded simply by declining to offer the witness as an expert. See United States v. Charley, 189 F.3d 1251, 1257, 1260, 1266-67 (10th Cir.1999) (testimony of Dr. Orne-las, who was not offered as an expert, was inadmissible expert testimony to the extent it vouched for truthfulness of statement by child victim). A lay witness is not permitted to give expert testimony. Fed. R.Evid. 701 sets forth the proper scope of lay opinion testimony:
If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness’s perception;
(b) helpful to clearly understanding the witness’s testimony or to determining a fact in issue; and
*1203 (c) not based on scientific, technical, or other specialized knowledge within the scope 'of Rule 702.
(emphasis added). Thus, an opinion is not properly considered lay opinion if it is based on “specialized knowledge” and therefore covered by the rule on expert opinion testimony, Fed.R.Evid. 702. In particular, “ ‘Knowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701.’ ” James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1215 (10th Cir.2011) (brackets omitted) (quoting United States v. Smith, 640 F.3d 358, 365 (D.C.Cir.2011) (FBI agent’s testimony interpreting slang used in recorded conversations should not have been admitted as lay testimony)). A law-enforcement officer’s opinion based on police training and the experience of conducting hundreds of interviews easily fits that description.
The inescapable conclusion is that an officer’s opinion regarding a witness’s deceptiveness during an interview is inadmissible if the opinion is based on the officer’s professional training and experience. Such an opinion is not admissible as lay testimony under Rule 701, and it is barred as expert testimony by Hill.
The government contends that Wilson’s statement that Defendant was not being misleading or untruthful during his interview was not expert testimony because Wilson’s opinion was based on his personal knowledge of Defendant rather than his training and experience. There is some truth to that contention. The prosecutor elicited at trial that Wilson and Defendant had known each other for years. But he also elicited that Wilson had extensive training and experience in interviewing prospective defendants. And when the prosecutor asked Wilson, ‘Was there any indication to you during the time of your interview with him that he was misleading you or being untruthful,” ApltApp., Vol. I. at 308, he had reminded the jury only seconds earlier that Wilson had “participated in hundreds of interviews”; but the prosecutor had not reminded the jury that Wilson had known Defendant for 10 to 12 years. (The testimony that Wilson had known Defendant for 10 tol2 years came 14 pages earlier in the transcript than the “untruthfulness” question.) Also, when emphasizing in final argument the testimony by Wilson that Defendant had not seemed deceitful, the prosecutor gave at least equal billing to Wilson’s training and experience in conducting interviews as he did to Wilson’s having known Defendant for 10 to 12 years. The relevant part of the closing was:
Sergeant Hollanbach and Deputy Wilson, remember when you think about this, too, 17 years of combined law enforcement experience, 20 hours a year of continuing training, hundreds and hundreds and hundreds of interviews of witnesses and defendants and they both testified, they said, “Look, when I talked to him” — and remember, Kurt Wilson knows the defendant. He knows him from, according to the defendant, personal contacts and then later the defendant admitted also other kinds of contacts.
But he knows the defendant personally. He’s known him for 10 years, 10 to 12 years he said. But all of these interviews they have done, hundreds and hundreds and hundreds and nothing that he told them on the — on the 15th or on the 30th or on the 31st ever indicated to them in any way that he was being deceitful. Nothing. So that’s important to think about when we go through these.
ApltApp., Yol. Ill at 553-54 (emphasis added). I think it telling that the prosecu *1204 tor (incorrectly) indicated that Hollanbach had also testified that Defendant did not appear to be deceitful. Hollanbach’s opinion could only be based on his training and experience because he had not known Defendant personally. Yet the prosecutor wanted the jury to rely on that opinion.[2]
I also cannot accept the government’s argument that defense counsel “opened the door” to testimony regarding the veracity of the confession when he told the jury during opening statement that Defendant would take the stand and repudiate his confession. The argument misconceives the open-the-door doctrine. Counsel could open the door by saying something that made relevant what would otherwise be irrelevant. The government might then be permitted to respond on that otherwise-irrelevant subject. See, e.g., United States v. Tenorio, No. 15-2037, 809 F.3d 1126, 1130-31, 2015 WL 9466867, at *4 (10th Cir. Dec. 29, 2015) (defendant opened door to evidence that he took polygraph test); United States v. Segal, 852 F.2d 1152, 1155-56 (9th Cir.1988) (in prosecution for failing to file currency-transaction reports, government could put on evidence of defendant’s cocaine sales after subject was brought up in defendant’s opening statement). Or counsel could open the door by referring to evidence that is relevant but would otherwise be inadmissible, such as a hearsay statement. The government might then be permitted to respond to that hearsay statement as if it were admissible evidence, such as by impeaching the de-clarant or offering other hearsay necessary to put in context the hearsay mentioned in the opening statement. See United States v. Lopez-Medina, 596 F.3d 716, 731-36 (10th Cir.2010) (admission of hearsay upheld under rule of completeness after defense counsel elicited inadmissible evidence).
In this case, however, defense counsel’s opening statement did not make relevant anything that was not already relevant. Even without that statement, evidence regarding the truthfulness of Defendant’s confession would be relevant. Nor did defense counsel’s statement refer to any relevant evidence that would be inadmissible. For example, if counsel had asserted in his opening statement that the officers did not believe Defendant when he confessed (evidence that should be -barred because it would be a witness’s opinion of the credibility of a statement by someone else), the door might be opened to testimony by the officers about whether they be.lieved Defendant when he confessed. In short, nothing in defense counsel’s opening *1205 statement changed the rules of'the game.[3] The cases cited by the government are inapposite. It has pointed to no precedent that permits opinion testimony on the credibility of a witness’s statement merely because the witness disavows or departs from the prior statement.
For these reasons I believe that Defendant carried his burden of showing that admission of Wilson’s opinion testimony was error and the error was plain. But affirmance is nevertheless required because he failed to show prejudice.

. Hill recognized that psychiatric testimony may sometimes be admissible on the issue of credibility. See 749 F.3d at 1262. But that exception has no application here.

. Even if Wilson’s testimony had been based solely on his personal knowledge of Defendant, it would not have passed muster. Lay witness testimony on the credibility of a witness’s statement is inadmissible. Perhaps it is not as impressive as expert opinion, but it still "usurps a critical function of the juiy [and] is not helpful to the jury, which can make its own determination of credibility.” Hill, 749 F.3d at 1258 (internal quotation marks omitted); see United States v. Forrester, 60 F.3d 52, 63 (2d Cir.1995) (officer testimony on credibility was not permitted under Fed.R.Evid. 701, which governs opinion testimony by lay witnesses, because "the credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial” (brackets and internal' quotation marks omitted)); cf. Charley, 189 F.3d at 1267 n. 21 (noting that some courts have rejected testimony vouching for the credibility of a witness under Fed.R.Evid. 608(a)(1) (limiting opinion evidence on character for truthfulness) or 403 (grounds for exclusion of relevant evidence)). A lay witness could testify about whether another person was.nervous and the like, but the government has not cited any case authorizing lay testimony that a person was telling the truth when making a statement.

. To be sure, when a witness's character for truthfulness has been attacked (as might b.e done in an opening statement, see United States v. Santiago, 46 F.3d 885, 891-92 (9th Cir. 1995)), the opposing party can put on evidence of the witness’s character for truthfulness. See Fed.R.Evid. 608(a). But that rule is not involved here; when defense counsel said that Defendant’s confession was false, he was not attacking Defendant’s character for truthfulness. And when the government questioned Wilson, it was not to establish that Defendant had a truthful character. To the contrary, the defense wanted the jury to believe Defendant’s testimony and the government had the opposite aim.